## COURT OF APPEALS.

February 27, 1917.

## THE PEOPLE v. JOHN McPHERSON.

(220 N. Y. 123.)

CARRYING DANGEROUS WEAPONS *—FACTS EXAMINED AND HELD THAT THE
EVIDENCE SUSTAINS A FINDING THAT A CLUB CARRIED BY DEFENDANT
WAS A "BLUDGEON" AND A DANGEROUS WEAPON WITHIN MEANING
OF THE STATUTE (PENAL LAW, § 1897).

The defendant was convicted under section 1897 of the Penal Law
of the crime of carrying a dangerous weapon, viz., a. bludgeon. When
arrested there was found secreted about his clothing what had evi-
dently at one time been part of a boy's baseball bat — the upper end
having been broken off. The question whether this was a "bludgeon"
within the meaning of the statute, having been properly submitted to
the jury, and the evidence fairly sustaining this finding, the verdict
should not be interfered with.

(People v. McPherson, 176 App. Div. 885, reversed.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
December 8, 1916, which reversed a judgment of the Kings
County Court rendered upon a verdict convicting the defendant,
as a second offender, of the crime of carrying a dangerous
weapon and granted a new trial.

The facts, so far as material, are stated in the opinion.

*Harry E. Lewis, District Attorney (Ralph E. Hemstreet* of
counsel), for appellant.   The instrument found upon the person
of the respondent and offered in evidence was in fact a bludgeon,
and the court committed no error in leaving its character as a

---

* See Note, Vols. 24, p. 375; 26, p. 515.

question of fact to the jury. (People v. Criscuoli, 164 App. Div. 119; Regina v. Sutton, 13 Cox C. C. 649.)

*Herbert S. Worthley,* for respondent. People's Exhibit No. 1, concededly the larger end of a boy's baseball bat, is not a bludgeon within the meaning of the Penal Law. (Penal Law, § 1897.) It was error for the trial court to refuse to charge as matter of law that People's Exhibit No. 1 was not a bludgeon. (Thomas v. People, 67 N. Y. 218; People v. Carlton, 115 N. Y. 618.)

McLAUGHLIN, J.:

The defendant was convicted, as a second offender, of the crime of carrying a dangerous weapon, viz., a bludgeon. He appealed from the judgment of conviction to the Appellate Division, second department, where, by a divided court, the judgment was reversed on the law and affirmed on the facts and a new trial ordered. From the order entered to that effect the People appeal to this court.

Between eight and nine o'clock on the evening of April 29, 1916, a police officer saw the defendant running along the west side of Third avenue, in the city of Brooklyn, in pursuit of one Ludoff, whom, as soon as he overtook, he struck in the back of the neck with his clenched fist. Defendant was almost immediately thereafter placed under arrest and there was then found secreted about his clothing what had evidently at one time been part of a boy's baseball bat,— the upper end having been broken off. This was received in evidence as an exhibit and presented on the argument of the appeal. The timber was ash, larger and heavier at the lower end than at the upper.

Section 1897 of the Penal Law provides, among other things, that " a person who attempts to use against another, or who carries, or possesses, any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub,

sandbag, metal knuckles, bludgeon, * * * or any other dangerous or deadly instrument or weapon, is guilty of a misdemeanor, and if he has been previously convicted of any crime he is guilty of a felony."

Section 1898 of the Penal Law provides that the possession by any person other than a public officer, of any of the weapons specified in section 1897 " concealed or furtively carried on the person, is presumptive evidence of carrying, or concealing, or possessing, with intent to use the same in violation of this article."

The fact that the defendant had been previously convicted of a crime was established by the People, no evidence being offered by the defendant to contradict the same. The sole question litigated was whether the instrument referred to was a bludgeon within the fair meaning of the statute quoted. The trial court held that this was a question of fact to be determined by the jury. The validity of the exception taken to such ruling, as well as those taken to certain refusals to charge bearing upon the same subject, presents the question to be determined on this appeal.

I have been unable to find any judicial determination as to what a bludgeon is. It is defined in the Century Dictionary as " a heavy stick, particularly with one end loaded, or thicker and heavier than the other, used as an offensive weapon." Webster defines it as " a short stick, with one end loaded or thicker and heavier than the other, used as an offensive weapon." In Words and Phrases (Second Series) it is defined as a " short club commonly loaded at one end or bigger at one end than the other, used as a weapon."

The object sought to be accomplished by the section of the Penal Code to which reference has been made is obvious. It is in the interest of public safety to prevent persons carrying the instruments enumerated, or using the same unlawfully against another. The evidence that this instrument was intended to be

used unlawfully against another was sufficient, considering the way in which it was carried, to justify the jury in finding that the defendant had it in his possession for that purpose. The evidence was also sufficient to justify the jury in finding, considering the weight and shape of the instrument, that it is one with which serious bodily injury might easily be inflicted upon another, if used for that purpose. It was a bludgeon within the contemplation of the statute. This question was submitted to the jury in a charge as favorable to the defendant as he could ask, the court saying: " Is it a bludgeon as you understand the term, a dangerous weapon ? Take it in your hands, wield it as one might, and say whether, in your judgment, that could become a dangerous weapon, a bludgeon in fact, as charged here specifically by that special technical name."

Exceptions were taken to refusals to charge certain requests, but a careful consideration of them fails to disclose that any error was committed in this respect or that defendant was in any way prejudiced by them.

The defendant had a fair trial, the evidence fairly sustains the verdict of the jury, and I see no reason why the judgment of conviction should have been interfered with.

The order of the Appellate Division, therefore, should be reversed and the judgment of conviction affirmed.

HISCOCK, Ch. J., CHASE, COLLIN, POUND and ANDREWS, JJ., concur; CARDOZO, J., absent.

Order reversed, etc.