THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. MARK R. SCHOONMAKER, Respondent.— Appeal from an order of the County Court of Greene County, entered February 16, 1972, which granted a motion by defendant to suppress evidence. During the course of a routine patrol, a New York State Trooper had occasion to question the presence of respondent and others at a laundromat on Route 9-W, Town of Coxsackie, Greene County, New York, at about 1:30 A.M. on July 1, 1970. While he was examining the registration to a motor vehicle being driven by respondent, his partner observed a wooden shaft, 26 inches long and approximately 1-½ inches in diameter, with a leather thong attached with perforations at the end of the shaft, in plain view on a shelf at the back window of the vehicle. This object was removed from the vehicle and respondent was arrested and subsequently indicted for a violation of subdivision 3 of section 265.05 of the Penal Law (along with another count not part of this appeal) which provides as follows: "3. Any person who has in his possession any firearm, gravity knife, switchblade knife, cane sword, billy, blackjack, bludgeon, metal knuckles, sandbag, sandclub or slungshot is guilty of a class A misdemeanor, and he is guilty of a class D felony if he has previously been convicted of any crime." At a subsequent suppression hearing, the People introduced evidence to show that the subject item was a "billy", equating the same with a nightstick and a baton. Volume I of the New York State Police Manual was introduced to show that the subject item, which is a standard issue to each State policeman, is referred to as a "baton". Several definitions of a "billy" were referred to during the hearing. The court below gave a strict construction to the terms of subdivision 3 of section 265.05 holding that the instrument in question was a "nightstick" or "baton" and not a "billy", thus not one of the prohibitive items contained in the statute. It concluded that a "billy" was a smaller instrument, shorter in length and capable of being carried in a pocket. We arrive at a different conclusion. The length of the particular object is not determinative, but the purpose for which it is designed. The instrument in question was a "policemen's club" (Black's Law Dictionary [4th ed.] p. 213), which fits any standard definition

of the term "billy", and thus the type of dangerous instrument the Legislature intended to remove from the hands of the general public. Order reversed, on the law and the facts, and motion denied. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Kane, JJ., concur.