Julian A. Hertz, J.
On April 2, 1976, at about 10:50 p.m., the arresting officer observed a double-parked vehicle at the intersection of Orloff Avenue and Cannon Place, in The Bronx. Three passengers occupied the seats in the front and rear of the vehicle. No one was in the driver’s seat. A third person (unconnected with this proceeding) had a conversation with the officer conveying information that the driver of the vehicle had observed the officer’s approach and he had crouched out of sight behind a parked car. The officer went to the vehicle, by which time the operator had returned to his seat. The officer proceeded to check the ownership and operating papers. He noticed a short, round, hollow pipe wrapped in black tape, located on the seat of the vehicle. That object has been admitted into evidence on this hearing on the defendants’ motion to suppress. It is about 12 inches long, has a black tape wrapping, and it is substantially thicker, at one end.
That discovery led the officer to arrest the defendants and they (and two others also arrested but not now before the court) were charged with violating sections 265.01 and 265.02 of the Penal Law. Upon the People’s motion, those charges *1045 were (previously) reduced to misdemeanor level (two counts of violating section 265.01 of the Penal Law).
Following the arrests and transport of the defendants and their vehicle to the station house, a search of the vehicle (without a warrant) uncovered a .45 caliber automatic pistol under the driver’s seat. No inventory of the vehicle contents was prepared. For the purpose of this hearing, the defendants have stipulated to the operability of the gun.
In the opinion of this court, the foregoing facts require the following conclusions of law:
The described instrument which the officer saw in the back seat of the vehicle is not a "blackjack” within the definition of the term and contrary to the reference thereto contained in the complaint. Webster and other lexicographers agree that a blackjack is to be defined as a leather covered club with a flexible handle. The Legislature has included the term within section 265.01 of the Penal Law, thereby creating a class of devices known as per se weapons; an item of contraband in and of itself. While this wrapping, whether leather or tape, would seem to provide an inadequate basis either to create or distinguish such a device from the purview of the statute, it is this court’s view that an essential physical property requisite to the classification of such a device as a blackjack is the flexibility of the handle. Were the court to subscribe to the view that any short pipe falls within the definition, it would be usurping the legislative prerogative. Obviously, too, many similar devices, innocently possessed, would provide the basis for police action. Such a broad area for official intervention would be unwise and, no doubt, explains the restrictive legislative expression as specifically limited in section 265.01 of the Penal Law.
Justifiable suspicion provides the police with a basis for further investigation. No doubt, suspicion arose in this case, but it does not entitle the arresting officer to anticipate the commission of criminal misconduct. The court finds the instrument does not fall within the definition of contraband found in the statute and directs that the exhibit be suppressed. Nor is this conclusion of law altered by the decision in People v McPherson (220 NY 123), where the court held that the question of whether the instrument was a bludgeon (a broken end of a baseball bat) was a jury question. The case at bar does not involve a similar charge. Moreover, this was not a trial but a suppression motion.
*1046 Finally, since there was no evidence of intent to use the exhibit and since the gun discovered in the described warrant-less search must likewise be suppressed, there seems little or nothing remaining of this prosecution.
The foregoing constitutes the findings of fact and conclusions of law on this motion. The motion is granted.