OPINION OF THE COURT
Seymour Rotker, J.
The defendant, charged herein with a violation of section 265.01 of the Penal Law, criminal possession of a weapon in the fourth degree, has moved for the following relief: (a) bill of particulars; (b) dismissal of the misdemeanor complaint pursuant to CPL 170.30 (subd 1, par [a]) on the grounds that it is defective within the meaning of CPL 170.35 and (c) dismissal of the misdemeanor complaint pursuant to CPL 170.30 (subd *685 1, par [g]) that dismissal is required in the furtherance of justice within the meaning of CPL 170.40. Since the determination of whether the misdemeanor complaint is defective may be dispositive of the instant case, this court has held in abeyance its rulings on the request for a bill of particulars and the request for dismissal in the furtherance of justice.
BACKGROUND
The defendant, a 52-year-old businessman, is the inventor of a mechanism known as the "spring whip”. The defendant has been awarded a United States patent for this device. On March 23, 1979, the defendant arrived at La Guardia Airport, Queens County, to begin a business trip. The defendant carried an attaché case containing six samples of the spring whip device which he invented. Each device was individually sealed in a heavy weight corrugated shipping package. Before boarding the plane, the defendant placed his attaché case on an electronic screening device which indicated the presence of metal articles within. The attaché case was opened and the items, which are the subject of the misdemeanor complaint, were recovered. The defendant was arrested and charged with violating section 265.01. The pertinent portion of the misdemeanor complaint reads as follows: "did unlawfully possess dangerous weapons, to wit, six telescopic billies (bludgeons)”.[1]
DISCUSSION OF ARGUMENTS
The defendant argues that the instrument in question is not a bludgeon in that it possesses neither the physical nor the functional characteristics of a bludgeon. In summary, the defendant contends that the "spring whip” device is a light weight, flexible instrument designed as a defensive weapon that will cause little or no physical damage. A bludgeon, on the other hand, is a heavy, inflexible instrument, frequently weighted at one end that is designed as an offensive weapon that will cause extensive physical damage.
The People contend that the instrument in question is a bludgeon since it is weighted at one end and since a bludgeon need not be an inflexible or rigid object.
*686 The court makes the following findings of fact:
FINDINGS OF FACT
The court heard testimony from two witnesses. The defendant called Police Office Ayoob, a police instructor in the State of New Hampshire. The People called Sgt. Dinegar, an instructor in the New York City Police Academy. Each witness was qualified and testified as an expert in the area of "impact weapons.”
The court finds the testimony of both witnesses to be credible. However, the court notes that Sgt. Dinegar testified primarily in terms of "probabilities”. Consequently, the court is inclined to give more weight to the testimony of Officer Ayoob.
The "spring whip” device is made up of a cylindrical housing approximately seven inches long, which serves as a hand-grip. Inside this housing are several spring lengths. By snapping one’s wrist, these springs extend to a length of approximately 17 inches. When fully extended, the device is tapered in appearance with the larger portion, the cylindrical housing, being the widest. Additionally, the entire device is flexible except for the cylindrical housing. At the tapered end of the device is a small, rounded aluminum tip that weighs approximately four grams. The purpose of this tip is to lessen the potential for injury that might be sustained by the use of the weapon. The entire spring whip device weighs between 8 and 10 ounces. None of the component parts of the "spring whip” can be categorized as a per se weapon.
The physical characteristics of a bludgeon are its shape, weight and mass. It is a club-like object similar to a baseball bat, with one end usually heavier or weighted in some fashion. All bludgeons are rigid and unyielding.
Functionally, the bludgeon is designed as an offensive or attack weapon. Its purpose upon impact is to cause severe disability to the victim. A blow struck by a bludgeon using only moderate force would readily break bones or render a victim unconscious or possibly cause death. It is the fear engendered within the victim as to the physical injury that could be caused that establishes this type of weapon as offensive in function.
The "spring whip”, because of its design, cannot inflict the type of harm that a bludgeon can. It is a defensive weapon *687 intended to be used to disarm an attacker. If struck with a "spring whip”, an attacker would not suffer broken bones because the force of the blow is dissipated due to the flexible design.
CONCLUSIONS OF LAW
The defendant’s motion to dismiss the misdemeanor complaint as being defective is granted.
Subdivision (1) of section 265.01 of the Penal Law mentions a number of weapons, the mere possession of which constitutes a per se violation of the section. The statute is very specific in its listing of those items which are illegal to possess. Where the Legislature has listed specific items in a statute, it is the general rule that the express mention of one thing implies the exclusion of other similar things (expressio unius est exclusio alterius). (See People v Malik, 70 Mich App 133.) Where the legislative intent is clear, the statute must be strictly construed. To base a conviction on mere possession of a proscribed item, it must clearly appear that the item possessed answers the description of one of the prohibited instruments or weapons. (People v Visarities, 220 App Div 657.) Additionally, in order to pass constitutional muster, a statute must give reasonable notice of the type of conduct which is sought to be regulated. (See, e.g., People v Byron, 17 NY2d 64.)
This court concludes that the "spring whip” is not a "bludgeon” within the meaning of section 265.01 of the Penal Law. A bludgeon has been defined as a short stick with one end loaded or thicker and heavier than the other used as an offensive weapon. (See People v McPherson, 220 NY 123; People v Visarities, 220 App Div 657, supra.) To constitute a bludgeon, the instrument must be weighted, thicker or heavier at one end. It further appears that a bludgeon within its traditional meaning infers rigid or inflexible object.
The "spring whip” possesses none of the traditional physical characteristics of a bludgeon. It is not weighted in the manner apparently contemplated by the courts that have attempted to define "bludgeon”. Nor is the "spring whip” inflexible. A major feature of this device is its inflexibility.
From the testimony adduced at the hearing, it appears to this court that the functional definition of a bludgeon traditionally means the use of a heavy weighted and inflexible instrument which is intended to cause extensive physical *688 injury, such as broken bones. By its very design, the spring whip appears to be incapable of causing the type of injury normally associated with a bludgeon.
Based on all of the information available to the court, the inescapable conclusion is that the "spring whip” is not a bludgeon within the meaning of the existing subdivision (1) of section 265.01 of the Penal Law. This court is of the opinion that possession of the "spring whip” is not a per se violation of this statute. To make the mere possession of the "spring whip” a per se violation of this section will require legislative action to specifically include the spring whip among the list of proscribed weapons. (See, e.g., Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, CPL 265.01, pp 188-189, dealing with "chuka sticks”.)[2]
For the reasons stated above, the motion to dismiss the misdemeanor complaint as defective is granted. Other raised by this branch of the defendant’s motion need not be considered. The remaining branches of the defendant’s motion are denied as being moot.

. Prior to the hearing, the People moved to amend the complaint to delete that portion that describes the instrument as a "billy”. Therefore, the court will only consider whether the instrument in question is a bludgeon since, by their motion, the People concede that it is not a "billy”.

. The court’s statement should not be construed as encouraging legislative action in this area. It is not the court’s intention to encourage legislative action but rather merely to indicate that the "spring whip” cannot be categorized as any of the weapons listed in section 265.01 of the Penal Law as that section now reads.