OPINION OF THE COURT
Joseph Harris, J.
Defendant moves to suppress tangible property, consisting of cocaine and marihuana, seized from his person by the police as an incident to his arrest.
Defendant was a passenger in an automobile stopped by a trooper of the New York State Police on the New York State Thruway for speeding. While seeking to check the driver’s registration and operator’s license, the trooper spied a “stick” 24 to 30 inches in length, taped on both ends, located on the floor of the car between the front seat and front door. Pursuant to his training in the New York State Police, the trooper identified the instrument as a “billy”, the possession of which is prohibited by subdivision (1) of section 265.01 of the Penal Law, criminal possession of a weapon in the fourth degree, and arrested all occupants of the car for possession of said “weapon.”
The sole question raised herein is whether the instrument involved is a “billy” within the purview of subdivision (1) of section 265.01 of the Penal Law.
*772 More and more it seems that the only thing certain in the criminal law is that there are no simple answers to simple questions. The instrument in question had previously been part of a broomhandle, sawed-off to approximately 24 to 30 inches in length, and taped at both ends — obviously to provide a palm grip. In its original manufactured state it was part of an implement for sweeping floors; in its revised form it lost all capability for that purpose, unless one wished to take the unrealistic approach that it was capable of being used to beat up on recalcitrant dirt.
One of the recognized definitions of a “billy” is “a club; especially, a policeman’s club” (Black’s Law Dictionary [4th ed], p 213; People v Schoonmaker, 40 AD2d 1066). In Schoonmaker (supra), the Appellate Division, Third Department, concluded that the determinative factor controlling the classification of an instrument as a “billy” was the purpose for which it was designed. In the Schoonmaker case the instrument was an actual manufactured “policeman’s club.” In the instant case a manufactured policeman’s club was received into evidence upon the offer of the People to compare with the instrument observed by the trooper in defendant’s automobile. In all material respects the design of the two instruments were the same — length, thickness and a palm grip to prevent slippage in use. The obvious design of the two instruments — one a manufactured item, and the other a homemade variant — can reasonably be said to be solely for the purpose of a weapon. While the homemade variant involved in the instant case had no leather thong attached thereto, as did the manufactured item, it was testified by the People’s weapons expert that the thong served only the purpose of preventing the loss of the club during a scuffle and not its serviceability as a weapon — that the material design factor in its use as a weapon was the palm grip.
The defendant contends that the term “billy” as used in subdivision (1) of section 265.01 of the Penal Law can be interpreted only to refer to an instrument specifically manufactured for that purpose. He contends that “once a broomhandle, always a broomhandle.” But there is nothing in the statute or case law that mandates such an interpretation.
*773 The Penal Law contains no exceptions for home industry, and the status of a wooden shaft as a broomhandle is not immutable. When a broomhandle is transformed and redesigned to “look like a billy”, and to “serve the purpose of a billy”, it becomes a “billy” prohibited by subdivision (1) of section 265.01 of the Penal Law. Subdivision (1) of section 265.01 of the Penal Law deals with weapons, not semantics.
The evidence does not show any legitimate purpose for the redesigned broomhandle in the instant case. Indeed, when asked by the trooper what the “stick” was, the driver of the automobile in which the defendant was a passenger, responded that it was a “billy club”. Not that this would be controlling, for it is not the use of an instrument that constitutes it a prohibited weapon under subdivision (1) of section 265.01 of the Penal Law, but its design and the utility of that design solely for the purpose of a weapon. While the instrument involved in the instant case certainly could be used to prop up the hood of an automobile, its design adds nothing to such capability. An ordinary sawed-off broomhandle without palm grips could serve the same purpose, just as in fact could a specifically manufactured policeman’s club.
Section 5.00 of the Penal Law provides that the provisions of the Penal Law shall not be strictly construed, but should be construed “according to the fair import of their terms to promote justice and effect the objects of the law.”
The court finds without merit the argument of the defendant that the statute involved is unconstitutional by reason of the alleged vagueness of the term “billy”.
The court finds that the trooper had probable cause for stopping the vehicle and probable cause for believing the instrument he observed to be a prohibited “billy”, and thus had probable cause for the arrest of the defendant. The arrest being lawful, the contraband seized by the trooper was properly seized as an incident to a lawful arrest.
The above findings of fact are made upon a preponderance of the evidence. The motion to suppress is denied.