*502 OPINION OF THE COURT
Gilbert C. Hong, J.
Procedural History
Defendants were arraigned on September 28, 2012, and were charged with Penal Law § 265.01 (1), criminal possession of a weapon in the fourth degree, a class A misdemeanor.
The facts allege that Officer Majid Ghaffar observed defendants Lin and Lu each carrying a bludgeon, and that he did recover the bludgeons from the ground where he observed the defendants drop them.
Officer Ghaffar’s supporting deposition specifies that the instrument he recovered from each defendant was a metal pipe.
On or about January 7, 2013, defendant Lu moved to dismiss the information on the ground that the accusatory instrument is facially insufficient. Defendant Lin joined in defendant Lu’s motion in a letter dated January 13. The People referred to both defendants in their opposition papers. This court, therefore, considers both defendants as movants herein.
The Parties’ Contentions
The defendants contend that the complaint “alleges the legal conclusion that the defendant was in possession of a ‘bludgeon’ without supplying factual allegations supporting said conclusion” (defendant Lu affirmation ¶ 5), and that “a metal pipe is not a bludgeon.” |(Id. ¶ 7.)
The People, citing, inter alia, People v McPherson (220 NY 123, 126 [1917]) and People v Ford (122 Misc 2d 716 [Crim Ct, NY County 1984]), counter that the question as to whether the metal pipe is a bludgeon is a “factual determination for a jury to make.” (People’s mem of law ¶ 10.)
Legal Analysis
To be sufficient on its face, a misdemeanor information must contain factual allegations of an evidentiary character demonstrating reasonable cause to believe that the defendant committed the offenses charged. (CPL 100.15 [3]; 100.40 [1] [b]; 70.10.) These facts must be supported by nonhearsay allegations which, if true, establish every element of the offense. (CPL 100.40 [1] [c].) An information which fails to satisfy these requirements is jurisdictionally defective. (CPL 170.30, 170.35; People v Alejandro, 70 NY2d 133, 136-137 [1987]; People v Dumas, 68 NY2d 729, 730 [1986].)
*503 Penal Law § 265.01 states:
“A person is guilty of criminal possession of a weapon in the fourth degree when:
“(1) He or she possesses any firearm, electronic dart gun, electronic stun gun, gravity knife, switchblade knife, pilum ballistic knife, metal knuckle knife, cane sword, billy, blackjack, bludgeon, plastic knuckles, metal knuckles, chuka stick, sand bag, sandclub, wrist-brace type slingshot or slungshot, shirken or ‘Rung Fu star.’ ”
The general rule is that where the legislature lists specific items in a statute, it implies the exclusion of other similar items. (People v Visarities, 220 App Div 657, 659 [1st Dept 1927].)
While the statute does not define a bludgeon, definitions often taken from various dictionaries have been adopted by the courts: “[A] short stick, with one end loaded, or thicker and heavier than the other, used as an offensive weapon” (People v Visarities at 659); “a ‘short club commonly loaded at one end or bigger at one end than the other, used as a weapon’ ” (People v McPherson at 125); a rigid or inflexible object, weighted, thicker or heavier on one side, used as an offensive weapon. (People v Braunhut, 101 Misc 2d 684, 687 [Crim Ct, Queens County 1979].)
Courts have thus analyzed whether the weapons recovered fit the various definitions of a bludgeon. (People v Visarities [conviction of defendant of possessing a bludgeon reversed where the weapon, an iron bar measuring 20 inches long and three-eighths to one-half inch in diameter was not found to be a bludgeon]; People v Kennedy, 164 NY 449 [1900] [where an iron rod had been inserted in a metal pipe and the pipe was wound at one end with tape, weapon was found to be a bludgeon]; People v Braunhut at 687 [after a hearing, the court found that the “spring whip” possessed by the defendant was not weighted, was flexible, and was used as a defensive weapon, and was, therefore, not a bludgeon]; People v Phillips, 7 Misc 3d 1004[A], 2005 NY Slip Op 50438[U] [Lawrence County Ct 2005] [court held that the “collapsible baton” recovered from the defendant did not fit the strict definition of a “billy”].)
The items recovered from the instant defendants have been described only as metal pipes. While the metal pipes may be prohibited weapons under subdivision (2) of Penal Law § 265.01 if there exists the requisite intent to use them unlawfully against another, the defendants herein have been charged under subdivision (1). Following the strict definition rule outlined *504 above, and guided by every definition of bludgeon reviewed in cases spanning the past century, it seems clear that while metal pipes may be used as dangerous weapons, possession of a metal pipe is not per se prohibited.
Further, this court does not adopt the reasoning argued by the People and set forth in People v Ford* that it is for the trier of fact to look at the totality of circumstances to determine whether the weapon is prohibited pursuant to Penal Law § 265.01 (1). Similarly, People v McPherson cited for this proposition by the People is not precisely on point. In McPherson, the Court did find that evidence considered by the jury included the way the instrument was carried and the intent to inflict bodily harm, as well as the ability of the weapon to inflict serious injury. However, the Court therein held that the jury finding that the baseball bat with the top end broken off was a bludgeon was justified. While the Court found that “[fit was a bludgeon within the contemplation of the statute,” (220 NY at 125-126 [emphasis added]), significantly, it found that the weapon did meet the definition of a bludgeon, namely a stick, with one end thicker or heavier than the other, used as an offensive weapon.
Dismissal would not be an appropriate remedy where the People may be able to amend or supersede. (See CPL 140.45, 100.50; People v Coley, 38 Misc 3d 1220[A], 2013 NY Slip Op 50167[U] [Crim Ct, Bronx County 2013]; People v Gonzalez, 184 Misc 2d 262, 264 [App Term, 1st Dept 2000], lv denied 95 NY2d 835 [2000].)
However, while on notice by way of the defendants’ motion that the metal pipes recovered did not fit the description or definition of a bludgeon, the People did not supersede and did not request an opportunity to amend or supersede with any additional facts.
The People are not able to establish even a prima facie case that the weapons recovered fall under the definition of a per se weapon, namely a bludgeon.
Conclusion
Accordingly, the defendants’ motion to dismiss for facial insufficiency is granted, and the charges against the defendants are dismissed.

 Which jurisdiction, Criminal Court, New York County, is not binding on this court.