[Crim. No. 1788. First Appellate District, Division Two.—September 12, 1934.]

THE PEOPLE, Respondent, v. EDDIE QUINONES, Appellant.

Nathan C. Coghlan and William Ferriter for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendant was informed against by the district attorney, he entered a plea of not guilty and on the trial the jury returned a verdict against him. He made a motion for a new trial, but his motion was denied. He has appealed from the judgment and the order denying his motion.

By section 1 of chapter 339 of the Statutes of 1923, it is made a felony if any '' . . . person who within the state of California . . . possesses any instrument or weapon of the kind commonly known as a blackjack, slung-shot, billy, sand-club, sand-bag, or metal knuckles . . . '' In the instant case it was alleged that the defendant possessed ''metal knuckles''. The first point made by the defendant is that the evidence does not establish the existence in this case of an ''instrument or weapon of the kind commonly known as metal knuckles''. This contention is based on the fact that the instrument introduced in evidence as defendant's exhibit one, which has been certified up with the record, is not all metal. We have examined it. It is what

might be termed homemade. It consists of alternate strips of sheet lead and gum tape, making a set of knuckles somewhat in the shape of a bracelet and of size to fit over four finger knuckles. It will be conceded at once that the instrument is neither all metal nor is it all cloth. The excerpt quoted from the statute contains nothing showing that the words "metal knuckles" was intended by the legislature to refer to something that was entirely composed of metal. Similar statutes have been adopted in other jurisdictions. In those same jurisdictions it has been held that the name in the statute is used in a generic sense. (*Patterson* v. *State*, 3 Lea (71 Tenn.), 575; *Harris* v. *State*, 22 Tex. Crim. App. 677 [3. S. W. 477]; *Louis* v. *State*, 36 Tex. Crim. Rep. 52 [35 S. W. 377, 61 Am. St. Rep. 832].) One of the common English meanings of "knuckle" is "a piece of metal, usually brass worn over the knuckles in order to protect them in striking a blow and to make the blow more effective". (Cent. Dict.) If it be claimed that the expression needs the interpretation of an expert such interpretation was present in the instant case. When Inspector McMahon, a policeman of many years' experience, was on the stand, he was asked what he found in the room of the defendant. His answer was, "A pair of metal knuckles." Under these circumstances we think the point may not be sustained.

It is next contended that the knuckle was not admissible because no testimony was introduced to prove it was the kind of instrument the possession of which is denounced by the law. As we understand the point it is that Inspector McMahon but expressed his conclusion when he designated the instrument found as "metal knuckles". The claim is, in our judgment, ultra-critical and in the absence of a showing to the contrary it must be assumed that the inspector of the police department, when giving his testimony, merely stated facts and did not express his conclusion.

In the next point it is claimed that there was no evidence of possession shown excepting the extrajudicial statement of the defendant. Continuing, the defendant argues that until the *corpus delicti* was established the statements made by the defendant should not have been received in evidence against him. Conceding the law to be as

claimed, we think that the record does not sustain the point. Inspector McMahon, together with some of his assistants, went to the house and to the particular flat. As they did so the defendant came out of a certain room. Inspector McMahon directed the defendant to go into another room with some of the police officers. As they did so Inspector McMahon entered the room which the defendant had just come out of. In a short period of time McMahon came out with the knuckles in his hand. He testified that he found the knuckles in a bureau drawer in the room the defendant had just left. The uncontradicted evidence was that the defendant occupied that particular room in that particular flat in that particular house. Such facts were clearly some evidence of possession on the part of the defendant. As soon as McMahon came out with the knuckles in his hand he approached the defendant, exhibited the knuckles, and inquired to whom they belonged. Whereupon the defendant replied, as testified to by Inspector McMahon, that they belonged to him. In receiving that evidence at that particular time we see no error in the proceeding.

It is next asserted that actual, immediate, lawful possession is contemplated by the statute and that such possession was not proved. As indicated above, we think that there was evidence of the possession contemplated by the statute.

The last point made is that the trial court erred in sustaining an objection to the question as to whether Inspector McMahon held a warrant when he entered the building. He argues that he had a right to uncover by cross-examination any interest, malice or hatred, and to expose to the jury the lawlessness of the witness in his treatment of the defendant. All that Inspector McMahon did, as shown by the record, he had a right to do under the facts disclosed, whether he held a warrant or did not hold one. It follows that the court did not err in sustaining the objection.

We find no error in the record. The judgment and order appealed from are affirmed.

Nourse, P. J., and Spence, J., concurred.