OPINION OF THE COURT
Bonnie G. Wittner, J.
The defendant Kenny Laguna is charged with the crime of criminal possession of a weapon in the fourth degree pursuant to section 265.01 of the Penal Law. He moves to dismiss the information on the ground that it is defective.
The defendant Angel Sanchez is also charged with the crime of criminal possession of a weapon in the fourth degree pursuant to section 265.01 of the Penal Law. He moves to dismiss the information on the grounds that it is defective and unconstitutionally vague (CPL 170.30, subd 1, par [a]; 170.35, subd 1, par [c]).
The informations are dated September 21, 1983 and August 6, 1983, respectively, and allege that the defendants were wearing metal knuckles. On March 27, 1983, *183 an Assistant District Attorney submitted to the court for its inspection the item seized from the defendant Kenny Laguna, exhibit A. This item consists of a belt wrist strap with another piece of leather attached to it; the second piece of leather is in a triangular shape with a loop which slips over the middle finger. Metal studs, approximately one-half-inch long, protrude from the entire item. On April 20, 1984, Police Officer Carbonaro submitted to the court for its inspection the items seized from defendant Angel Sanchez, exhibit B. These were: a leather belt wrist strap with a V-shaped piece of leather attached to it, and a single belt wrist strap; both items have one-half-inch-long metal studs protruding from them. The officer indicated that these were worn by the defendant at the time of his arrest in the following manner: the first item was looped over the middle finger, the V-shaped portion covering the back of defendant’s hand and the belt snapped around the wrist. The single belt strap was worn over this, covering defendant’s knuckles and snapping closed at his palm.
The defendant Angel Sanchez contends that a dismissal is mandated because the statute has been unconstitutionally applied here.
However, this court, prior to reaching the constitutionality of a statute, is bound to dispose of the matter on nonconstitutional grounds. In fact, it is only as a matter of last resort that a court of original jurisdiction should pass upon the constitutionality of a statute. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, subd a.)
In the case at bar, the court is able to avoid the constitutional issue herein presented by initially considering the contention that the information is defective. The court is consolidating these motions for the purpose of decisions.
On each case the defendant was in possession of an item commonly referred to as “spikes”. The question presented to the court is whether these items constitute- “metal knuckles” for purposes of subdivision (1) of section 265.01 of the Penal Law. The court now holds that “spikes” are not “metal knuckles” within the meaning of the statute.
The court was unable to find a definition of “metal knuckles” in the statute. Similarly, the legislative history is silent on this matter. Section 265.00 of the Penal Law *184 defines most of the terms used in article 265. Metal knuckles, however, have never been defined by the Legislature. The court, therefore, looks to the common dictionary definitions of metal knuckles. These definitions refer to “metal finger rings” or a “metal device.” Accepting these definitions, the court concludes that leather straps with spikes protruding from them are not included in these definitions.
Subdivision (1) of section 265.01 of the Penal Law is very specific in listing items, the mere possession of which constitute a violation of the law. “Where the Legislature has listed specific items in a statute, it is the general rule that the express mention of one thing implies the exclusion of other similar things (expressio unius est exclusio alterius).” (People v Braunhut, 101 Misc 2d 684, 687.) If the Legislature had intended to include the type of items seized in these cases, it would have specifically enumerated them in the statute, or defined the term “metal knuckles” to encompass these items.
This court adopts the reasoning of the Appellate Division, First Department, in People v Visarities (220 App Div 657, 658), wherein it was held that “[t]o base a conviction on mere possession it must clearly appear that the thing possessed answers the description of one of the prohibited instruments or weapons.” The court therein dismissed a complaint finding that an iron bar was not a bludgeon within the meaning of the statute. The court relied on the dictionary definition of the term bludgeon. See, also, People v Braunhut (supra), where the court found a “spring whip” did not constitute a “bludgeon” within the meaning of the statute. Similarly, the “spikes” possessed by the defendants here do not fit the accepted definition of “metal knuckles”.
Accordingly, the motions to dismiss the information are granted. All other branches of the defendant Angel Sanchez’s motion are denied as moot.