OPINION OF THE COURT
Richard D. Carruthers, J.
On July 13, 1984, the defendant Norman Singleton, was arrested on a subway train in Manhattan for allegedly possessing metal knuckles in violation of Penal Law § 265.01 (1). The defendant moves for an order dismissing the charge. He contends that the item said by arresting officer to be metal knuckles is nothing more than “a bracelet which [defendant wore] around his wrist and arm.” The motion is denied.
The court has examined photographs of the item allegedly possessed by the defendant. It is composed of two connecting parts. The larger part is a leather strap designed to be worn on the wrist and hand. This strap is approximately two inches wide at the wrist and widens to cover the back of the hand from the wrist to just above the knuckles. Several metal spikes, each approximately one-half inch long, are fastened to this strap. The second part of the item is a strap which covers the knuckles and fist. This second strap, to which metal spikes are also fastened, is connected to the first strap. The second strap, with the spikes *736 fastened to it, is kept in place over the knuckles and fist by means of an attached leather loop through which the wearer inserts his fingers.
The possession of metal knuckles has long been prohibited in this jurisdiction as well as in others. (See, e.g., People v Quinones, 140 Cal App 609, 35 P2d 638 [1934]; Baker v State, 334 P2d 799 [Okla Crim Ct App 1959].) Metal knuckles are considered inherently dangerous because their function is to make a blow to the human body far more damaging than one delivered by the naked fist. (People v Quinones, 35 P2d, at p 638.) Penal Law § 265.01 (1) states that the possession of metal knuckles is criminal per se. In other words, one who possesses metal knuckles violates this statute even though he has no intention to use them against another. The fact that the statute does not require proof of such an intent as a precondition for conviction reflects the Legislature’s judgment that metal knuckles simply have no legitimate use or purpose. (Cf. People v Guevara, 86 Misc 2d 1044, 1045 [Crim Ct 1976].)
, The Legislature did not define the term “metal knuckles” when it enacted Penal Law § 265.01 (1). Because there is thus no statutory definition, the defendant argues that the commonsense understanding of the term should be employed. Moreover, the defendant suggests that this commonsense understanding should be limited to a definition found in Webster’s Dictionary: “a set of metal finger rings or guards attached to a transverse piece and worn over the front of the doubled fist for use as a weapon.” It is noteworthy that in People v Laguna (124 Misc 2d 182 [1984]) the court adopted this argument, and held that an item virtually identical to that allegedly possessed by the defendant in the case at bar could not be considered to be metal knuckles.
I decline to accept the defendant’s argument and the reasoning of Laguna (supra). Common sense is not exhausted by dictionary definitions. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 234.) Common sense, in my opinion, dictates that three related factors should be considered when determining whether a particular item constitutes metal knuckles. Firstly, a blow by a fist wearing the instrument must cause metal to come into contact with the victim’s body. I note, parenthetically, that an item need not be made entirely of metal to be considered metal knuckles. Such an item would qualify as metal knuckles if metal parts worn on or near the fist would enhance the harmful effect if a blow were to be struck. (See, People v Quinones, supra.) Secondly, the instrument must be designed so that it readily can *737 be used offensively against the human body. Thirdly, the design of the instrument must be such that it cannot reasonably be put to any use other than to enable the wearer to inflict a blow with a fist covered by metal or pieces of metal. The second and third factors, which overlap to a certain extent, will ensure that jewelry and other items which are “innocently possessed [will not] provide the basis for police action.” (People v Guevara, 86 Misc 2d, at p 1045.)
Having considered the foregoing factors, I conclude that the item allegedly possessed by the defendant sufficiently qualifies as metal knuckles so as to warrant the denial of his motion to dismiss. Were a blow to be struck by a person wearing this item, the metal spikes covering his fist would surely come in contact with the victim’s body. It is apparent that this item readily can be used as a weapon. In other words, no material alterations need be made to it before it could be used in striking. Moreover, from the very design of the item — the fact, for example, that the pointed metal spikes are carefully positioned so as to be held in place over the fist and knuckles — one can legitimately conclude that its only reasonable use is to enhance the wearer’s ability to injure a victim.
Because the issue before me is whether the accusatory instrument should be dismissed as defective, I make no ultimate finding of fact that the item constitutes metal knuckles. Only the trier of fact may make such a finding. (See, People v McPherson, 220 NY 123 [1917]; People v Guevara, at p 1045.) My decision is limited to the issue presented — the sufficiency of the accusatory instrument. Consequently, the parties will be free at trial to present evidence to the trier of fact, whether judge or jury, concerning the nature of the item in question. It is conceivable, for example, that the defendant might wish to present evidence that there are legitimate uses for the item. However, for the reasons previously stated, I conclude that the accusatory instrument suffices to warrant a trial.