Argued and submitted November 21, 1984, affirmed February 27, 1985

## STATE OF OREGON,
*Respondent,*

*v.*

## LAWRENCE FREDETTE,
*Appellant.*

### (DA 261202; CA A32185)

696 P2d 7

James Lang, Portland, argued the cause for appellant. With him on the brief was Multnomah Defenders, Inc., Portland.

Jeff Bennett, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for carrying a concealed weapon, ORS 166.240, assigning as error the trial court's denial of his motions for acquittal and directed verdict. We affirm.

Defendant was stopped by police officers in the early morning of August 5, 1983, after they heard loud yelling coming from his van and observed the van weaving across the road. He had attended a rock concert the night before and had consumed "a few drinks" before going. The police officers took him into custody, because he was too intoxicated to drive. A pat-down search of defendant revealed the objects for the possession of which he was convicted.

The two objects each consisted of a metal handle, with two finger holes and a hooked end. They bear the mark "WK." A picture of the object appears in the margin.[1] The complaint charged that defendant violated ORS 166.240 by unlawfully and knowingly concealing about his person "metal knuckles, which could be used to injure the person or property of another."

The case was tried to a jury. Only defendant and Officer Schmitt, one of the arresting officers, testified. Defendant testified that the objects were skinning knives used for animal hides. He testified that he often hunted and that he sold animal hides but admitted that he normally did not carry any other tools for hunting and trapping or for his trade, cabinet making. He stated that there were no blades in the objects when they were seized and that he never used or intended to use them as weapons. Schmitt testified that he was unfamiliar with the objects but thought they were some sort of slugging device. He demonstrated two ways they could be used as such. He noted that it appeared that a blade might fit into the curved portion but acknowledged that there were no blades in them when they were seized. On cross-examination, he could not say that the objects were not skinning knives. They were admitted as evidence.

Defendant moved for acquittal[2] or a directed verdict

---

[1] See picture of object on page 298.

[2] ORS 136.445 provides that the court shall grant the motion for acquittal if the

on the ground that the state had not proved that the objects were weapons under ORS 166.240. The motions were denied, and the trial court instructed the jury in the words of the statute. The statute provides, with exceptions not relevant, that

> "* * * any person who carries concealed about his person in any manner, any revolver, pistol or other firearm, any knife, other than an ordinary pocketknife, or any dirk, dagger, slung shot, metal knuckles, or any instrument by the use of which injury could be inflicted upon the person or property of any other person, shall be punished upon conviction * * *."

In passing on the denial of defendant's motions, we review the evidence in the light most favorable to the state and will sustain the verdict if there is any substantial evidence to support it. *State v. Freeman,* 4 Or App 627, 628, 481 P2d 638 (1971); *State v. Shipman,* 2 Or App 359, 362, 468 P2d 921 (1970); *State v. Livingston,* 2 Or App 587, 589, 469 P2d 632 (1970). The state's theory at trial was that the objects were either metal knuckles or a similar instrument that could be used to inflict injury upon the person or property of another within the meaning of ORS 166.240. We hold that the jury could have found beyond a reasonable doubt that the objects were metal knuckles.

The term "metal knuckles" is not defined by statute, nor has the Supreme Court or this court passed upon its meaning. The dictionary definitions of the term "brass knuckles" vary. Webster's Third New International Dictionary (1976) defines that term as a "set of four metal finger rings or guards attached to a transverse piece and worn over the front of the doubled fist as a weapon." Other dictionaries do not require that there be four finger holes. For example, Black's Law Dictionary (5th ed 1979) provides, as relevant, that "brass knuckles" or "knucks" means "[a] weapon worn on the hand for the purposes of offense and defense, so made that in hitting with the fist considerable damage is inflicted." Accepting Officer Schmitt's testimony and rejecting defendant's testimony, the jury could have found that the objects were some type of metal knuckles. Furthermore, they could have reached the same conclusion from examining them.

---

evidence introduced before the motion would not support a verdict against the defendant.

*Com. v. Fisher,* 485 Pa 8, 400 A2d 1284 (1979), is distinguishable. There, the court reversed the defendant's conviction for possession of a prohibited offensive weapon under 18 Pa CSA § 908. Section 908(c) defined an "offensive weapon" as "any bomb, grenade, machine gun, sawed-off shotgun, firearm specially made or specially adapted for concealment or silent discharge, any blackjack, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, push-button, spring mechanism, or otherwise, or other implement for the infliction of serious bodily injury which serves no common lawful purpose." The object seized from the defendant in *Fisher* was a "Wyoming Knife," described by the court as a metal handle, with two finger holes, which incorporated two metal blades, one facing outward, the other inward, and bearing the mark "WK." The defendant introduced as evidence a magazine advertisement describing the knife as an "all purpose cutting tool for skinning wild game—ideal for cleaning all game and fish." 485 Pa at 12. The Pennsylvania Supreme Court reversed the conviction on the grounds that the knife was not one of the objects enumerated by section 908(c) and that it had a common lawful purpose, thus excluding it from the scope of the statute.

On the basis of the description of the knives in *Fisher,* it appears that the objects seized in this case are Wyoming Knives without the blades. However, our duty is not to determine what the objects are, but to determine whether there was evidence submitted to the jury which supports the verdict. We hold that there was.

Affirmed.[3]

---

[3] Defendant argues that the objects were not knives under ORS 166.240, as that term has been defined by this court. *See State v. Harris,* 40 Or App 317, 594 P2d 1318 (1979); *State v. Pruett,* 37 Or App 183, 586 P2d 800 (1978). The state did not proceed at trial under the theory that they were knives, and the state concedes that there was no evidence that the objects were fitted with blades.