**Bruce Lee SHATTUCK, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. O-85-340.**

Court of Criminal Appeals of Oklahoma.

Jan. 27, 1987.

Kevin D. Buchanan, Garrison, Brown & Carlson, Bartlesville, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Bruce Lee Shattuck, pleaded guilty, on November 21, 1984, to Assault and Battery in the District Court of Washington County Case No. CRF–84–175, and he was sentenced to thirty (30) days in the county jail, which was suspended. Subsequently, on December 20, 1984, appellant was charged with the crime of Carrying an Offensive Weapon which violated the terms of the suspended sentence. An application to revoke suspended sentence was filed on December 20, 1984, which alleged the violation of the suspended sentence. After a hearing, the application to revoke the suspended sentence was granted and the appellant was ordered to serve thirty (30) days in the county jail, and he appeals.

Briefly stated the facts are that on December 20, 1984, a Bartlesville police officer observed the appellant driving an automobile with a loud exhaust system. The officer stopped the appellant, and after they had exited from their respective cars, the officer began to inform the appellant of the purpose of the stop. At that point, the officer recognized the appellant and conducted a pat down search. In the course of the pat down, the officer felt an object that he believed was a pair of brass knuckles. Consequently, he removed the object and discovered that it was a knife with a hand grip similar to a pair of brass knuckles. After another officer arrived, the appellant was arrested.

For his first assignment of error, the appellant asserts that the frisk for weapons was not justified and was in violation of his constitutional rights. We disagree.

When the officer lawfully stopped the appellant for a traffic violation and recognized the appellant as a person who had a reputation for assaultive behavior and who had made threats to police officers, he was justified in conducting a limited search of the appellant's outer clothing to discover weapons that might be used to assault him. *See Robinson v. State*, 444 P.2d 845 (Okl.Cr.1968); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We find no error.

The appellant next contends that the knife which was removed from his person is not described in 21 O.S.1981, § 1272 as one of the six (6) types of knives that it prohibits, and further argues that the knife is also not an offensive weapon pursuant to 21 O.S.1981, § 1272.

Title 21 O.S.1981, § 1272 provides in pertinent part that:

> It shall be unlawful for any person to carry upon or about his person, or in his portfolio or purse, any pistol, revolver, dagger, bowie knife, dirk knife, switch-blade knife, spring-type knife, sword cane, knife having a blade which opens automatically by hand pressure applied to a button, spring, or other device in the handle of the knife, blackjack, loaded cane, billy, hand chain, metal knuckles, or any other offensive weapon ...

In *Beeler v. State*, 334 P.2d 799, 806 (Okl. Cr.1959), this Court stated that:

> Some weapons, under particular circumstances, are so clearly lethal that the court may declare them to be such as a matter of law. Of this class are the weapons falling within the category of Title 21 O.S.A. § 1271, supra; all others are lethal or not, according to their capability to produce death or great bodily harm in the manner in which they are used, and the jury must be the judge. It is a question of fact, the determination of which properly belongs to them.

In the instant case, the trial judge found that the weapon is an offensive weapon that fits the statutory requirements. In the absence of a jury, the judge is the trier of both law and questions of fact and his findings will be sustained where there is competent evidence reasonably tending to support his finding. *Martin v. State*, 547 P.2d 396 (Okl.Cr.1976). This assignment lacks merit.

Accordingly, the order of the district court revoking the appellant's suspended sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.