**Enrique MALDONADO, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–94–00230–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 9, 1994.

Karen A. Crouch, Law Offices of Karen A. Crouch, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty. and Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

## OPINION

CHAPA, Chief Justice.

The jury found appellant guilty of possession of a prohibited weapon, namely metal knuckles, for which he was sentenced to 180 days in the Bexar County Jail, fined $500 and court costs. Appellant's sole point of error asserts there was insufficient evidence to sustain a prima facie case of possession of a prohibited weapon because the instrument in question was broken.

### The Standard of Review

■ In examining the sufficiency of the evidence to support a conviction the appellate court must determine "whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560, 573 (1979). The sufficiency of the evidence is determined by reviewing all of the evidence introduced, including improperly admitted evidence. *Deason v. State*, 786 S.W.2d 711, 716 (Tex. Crim.App.1990). Sufficiency of the evidence is a question of law, and the appellate court does not determine credibility issues. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim. App.1984). The trier of fact is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim. App.1984). The trier of fact resolves any inconsistencies in the evidence. *Jackson v. State*, 672 S.W.2d 801, 804 (Tex.Crim.App. 1984). It may accept or reject any part of a witness' testimony. *Johnson v. State*, 673 S.W.2d 190, 196 (Tex.Crim.App.1984). But, an appellate court may not find the evidence sufficient purely on the basis that the trier of fact could have disbelieved the defendant's evidence. *Id.* Just because the complaining witness recants incriminating testimony does not mean the evidence is insufficient. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex.Crim. App.1991). In cases in which the crime is possession of something, the evidence must affirmatively link the defendant to the contraband. *Humason v. State*, 728 S.W.2d 363, 365–66 (Tex.Crim.App.1987).

### Does the statute outlaw a defective weapon?

■ In the charge to the jury the definition of "knuckles" was drawn directly from the Penal Code:

> "Knuckles" means any instrument that consists of finger rings or guards made of a hard substance and that is designed, made, or adapted for the purpose of inflicting serious bodily injury or death by striking a person with a fist enclosed in the knuckles.

Tex.Penal Code Ann. § 46.01(8) (Vernon Pamph.1994). Appellant asserts that the instrument in question does not meet the definition of "knuckles." The weapon admitted into evidence was described by the arresting officer as "a locked blade knife with knuckles." Three of the four knuckle rings were broken; however, a metal ring to cover the little finger was still intact on the instrument. The officer testified that this was still enough material covering the knuckles to qualify the instrument as a prohibited weapon.

There are no reported Texas cases dealing with broken metal knuckles. Several other jurisdictions have done so to a limited degree. In *People v. Singleton*, the Criminal Court for the City of New York stated that whether the item is "metal knuckles" and prohibited by statute is not determined by reference to the dictionary definition, but by reference to three factors, i.e., whether a blow by the fist wearing the instrument causes metal to come into contact with the victim's body, whether the instrument is designed so that it readily can be used offensively against the human body, and whether the design is such that it cannot reasonably be put to any use other than to enable the wearer to inflict a blow with the fist covered by metal or pieces of metal. *People v. Singleton*, 127 Misc.2d 735, 487 N.Y.S.2d 268, 269 (N.Y.Crim.Ct.1985). The court found that an instrument would qualify as "knuckles" if metal parts worn on or near the fist would enhance the harmful effect if a blow were to be struck. *Id.* (leather strap containing metal spikes worn over back of hand qualified as metal knuckles).

**510**

Other jurisdictions also uniformly reserve for the fact finder the question of whether a knuckles-type instrument qualifies as a prohibited weapon. *See, e.g., State v. Tusing,* 344 N.W.2d 253, 255 (Iowa 1984) (question turns on design and construction of the particular set of knuckles involved); *Shattuck v. State,* 731 P.2d 1388, 1390 (Okla.Crim.App. 1987) (knife with handgrip similar to pair of brass knuckles held to be prohibited weapon); *State v. Fredette,* 72 Or.App. 293, 696 P.2d 7, 8 (1984) (officer's testimony that instrument was some sort of slugging device supported jury verdict that concealed weapon was metal knuckles); *State v. Tucker,* 28 Or.App. 29, 558 P.2d 1244, 1246 (1976) (concealed weapon statute embraces those items similar in nature to enumerated objects, designed and intended primarily as weapons to inflict bodily injury or death); *Commonwealth v. Fisher,* 244 Pa.Super. 309, 368 A.2d 736, 737 (1976) (jury could properly find "Wyoming knife" which had razor blade attached to knuckle-part of instrument to be prohibited offensive weapon).

We find particularly instructive the Texas Court of Criminal Appeals' opinion of *Flores v. State,* 716 S.W.2d 505, 506–07 (Tex.Crim. App.1986) (en banc), which found that the defective or broken switchblade knife in question still operated sufficiently to bring it within the statutory definition of a prohibited weapon. *Id.* The evidence showed that the spring mechanism on the switchblade was broken; however, a thick rubber band wrapped around the handle provided the necessary pressure release device to bring the instrument within the definition of the statute. *Id.*

In this case, the jury viewed the instrument in question and heard testimony from the arresting officer that the remaining knuckle ring which covered the little finger was sufficient to enable the possessor to inflict bodily harm. After viewing all the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found that the locked blade knife with three broken knuckles and one unbroken knuckle constituted "knuckles" as defined by the statute and that appellant was guilty of possessing a prohibited weapon be-

yond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Tex.Penal Code Ann. § 46.01(8) (Vernon Pamph.1994).