Opinion issued February 16, 2012.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01103-CR

———————————

Luciano Lopez, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 185th District Court

Harris County, Texas



Trial Court Case No. 1255362

 



 

MEMORANDUM OPINION

          Following a bench trial, Luciano
Lopez was convicted of the felony offense of indecency with a child.[1]
The trial court assessed appellant’s punishment at seven years’ confinement. In
a single issue on appeal, appellant contends the evidence is insufficient to
support his conviction. We affirm.  

Background

          Appellant has four children: three
daughters and one son. In February 2010, appellant, along with his son, age
five, and daughter A.L., age six, lived in a two-bedroom apartment with appellant’s
friend, Teresa Rodriguez, and her children. Appellant and his children shared one
bedroom furnished with a single bed. Rodriguez stored her children’s clothing
and a box of hangars in a closet in appellant’s bedroom. Two or three times per
month, she entered the bedroom to retrieve clothing or hangars while appellant
and his children slept. At night, the bedroom door was shut but not locked. 

On the night of February 28, 2010, Rodriguez entered appellant’s
bedroom to store hangars. Because the bedroom was dark, Rodriguez turned on the
light. She startled appellant, and she saw him “jump” from under the sheet on the
side of the bed where A.L. was lying. Appellant was fully clothed, but
Rodriguez noticed A.L. “had her pajamas lowered, almost down to her vagina, and
she was very agitated.” Appellant turned off the light and walked out of the
bedroom. 

          Suspicious about what she had seen, Rodriguez
invited A.L. to go for ice cream in the following days. While the two were out,
A.L. told Rodriguez that appellant had touched her “pee-pee” more than once. A.L.
elaborated, “I cross my legs so he won’t touch me. And sometimes I’ll turn
around and give my back to him while I’m upset. Sometimes he’ll stop and then
sometimes he won’t.” Rodriguez observed that A.L. was embarrassed and upset. Rodriguez
did not confront appellant; instead, she reported the incident to A.L.’s
school. School officials contacted police. 

           A grand jury indicted appellant for indecency
with a child by contact. See Tex. Penal Code Ann. § 21.11(a)(1)
(West 2011). The indictment alleged that appellant unlawfully engaged in sexual
contact with A.L., the complainant, a child under the age of seventeen years,
by touching her genitals with the intent to arouse and gratify his sexual
desire. Appellant waived his right to a jury trial, and the case proceeded to a
bench trial.

Three witnesses testified for the State: Rodriguez, A.L., and
Dr. Lawrence Thompson, an expert in child sexual abuse. Rodriguez testified that
she believed appellant showed favoritism towards A.L., about what she witnessed
in appellant’s bedroom, and about A.L.’s outcry statement. 

During her trial testimony, however, A.L. recanted her outcry
statement. She explained that, on the night of the incident giving rise to the
charge against appellant, she fell asleep on one side of the bed, her brother
fell asleep in the middle of the bed, and appellant fell asleep on the other
side of the bed. She awoke to find appellant’s face under the blanket by her
legs. Appellant was rubbing the outside of her leg above the knee, and she felt
afraid. Appellant raised his hands away from her body when Rodriguez entered
the bedroom. When asked whether appellant had rubbed her “private parts,” A.L.
answered “no.” On cross-examination, she acknowledged that appellant would
touch her “pee-pee” to dry her off when she wet herself. A.L. recalled that,
while they were out for ice cream, Rodriguez told her she had wet herself on
the night Rodriguez entered the bedroom. 

The trial court asked A.L. whether she had told anyone that appellant
touched her “pee-pee.” She answered affirmatively and indicated that she was
not telling the truth in court because her father was present. She told the
trial court that, if her father had not been in the courtroom, she would have testified
that he touched her “pee-pee.” He had done so once or twice before the night
Rodriguez entered the bedroom. The touching occurred on top of her underwear
and made her uncomfortable. On an anatomically-correct doll, she identified her
“pee-pee” as the area from which she “goes potty.” 

           Finally, the State presented the testimony of Dr.
Lawrence Thompson, the Director of Therapy and Psychological Services at the
Harris County Children’s Assessment Center. Although he did not meet appellant
or A.L. or review any of their statements in this case, Dr. Thompson is an expert
in the area of child sexual abuse. Based on his education and experience, Dr.
Thompson testified generally on the subjects of “victim minimization and
recant.” He explained that “[r]ecantation refers specifically to child sexual
abuse and to an instance of a child having at one point said someone abused
them in some manner and at a later time saying that they were not abused by
that person.” This may occur, according to Dr. Thompson, because the child
feels anxiety or discomfort over the attention such trauma draws. A recantation
may also occur because there was no abuse, the child wants life to return to normal,
she has been coerced to lie about the abuse, or she does not want to get the
perpetrator in trouble. 

          After the State rested, Lopez testified
on his own behalf and denied all of the allegations against him. He stated that
he and Rodriguez were romantically involved for part of the time they lived
together. Although the two split amicably before the incident giving rise to
the indecency charge against him, appellant believed Rodriguez was angry about
his recent decision to move out of the apartment. According to him, he and his
children were asleep on the night Rodriguez entered the bedroom. Because
Rodriguez wanted to talk and because he did not want to wake the children, he
got out of bed. He explained that A.L. was agitated because he had accidentally
pulled her hair while getting out of the bed. 

Standard of Review

          We review legal and factual
sufficiency challenges under the same appellate standard. Ervin v. State, 331 S.W.3d 49, 54 (Tex. App.—Houston [1st Dist.]
2010, pet. ref’d). The evidence is insufficient to support a conviction if,
considering all of the evidence in the light most favorable to the verdict, no
rational fact-finder could have found that each essential element of the
charged offense was proven beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979); In re Winship, 397 U.S. 358,
361, 90 S. Ct. 1068, 1071 (1970); Laster
v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We give deference to
the responsibility of the fact-finder to fairly resolve conflicts in testimony,
to weigh evidence, and to draw reasonable inferences from the facts. Williams v. State, 235 S.W.3d 742, 750
(Tex. Crim. App. 2007).[2]

Sufficiency of the Evidence

          Appellant raises a single issue in
this appeal, complaining that the evidence is insufficient to support his
conviction because (1) A.L. recanted her outcry statement and (2) the State did
not prove he acted with intent to arouse or gratify his sexual desire. We
disagree. 

To prove indecency with a child by contact, the State had to
establish that appellant engaged in sexual contact with the complainant, a
child younger than seventeen. Tex. Penal
Code Ann. § 21.11(a)(1). The Penal Code defines “sexual contact” as “any
touching by a person, including touching through clothing” of the complainant’s
genitals “committed with the intent to arouse or gratify the sexual desire of
any person.” Id. § 21.11(c)(1). The
testimony of an outcry witness, see Tex. Code Crim. Proc. Ann. art. 38.072 (West 2011), alone is
sufficient to support a conviction for indecency with a child. See, e.g., Rodriguez v. State, 819
S.W.2d 871, 873 (Tex. Crim. App. 1991) (explaining that outcry testimony
admitted pursuant to article 38.072 is admitted as exception to hearsay rule
and thus is considered substantive evidence, admissible for truth of matter
asserted). The State has no burden to present corroborating or physical
evidence. See Lee v. State, 176
S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), aff’d, 206 S.W.3d 620 (Tex. Crim. App. 2006); Eubanks v. State, 326 S.W.3d 231, 241 (Tex. App.—Houston [1st
Dist.] 2010, pet. ref’d) (“[T]here is no requirement that outcry testimony admitted
as substantive evidence be corroborated or substantiated by the victim or
independent evidence.”). 

          We reject appellant’s position that
the recantation of an earlier outcry testimony destroys the probative value of
that testimony. See Chambers v. State,
805 S.W.2d 459, 461 (Tex. Crim. App. 1991); see
also Bargas v. State, 252 S.W.3d 876, 888 (Tex. App.—Houston [14th Dist.]
2008, no pet.) (holding that outcry testimony retains probative value even if
contradictory evidence admitted). Saldaña v. State, 287
S.W.3d 43, 60 (Tex. App.—Corpus Christi 2008, pet. ref’d) (“Furthermore, when a
witness recants prior testimony, it is up to the fact finder to determine
whether to believe the original statement or the recantation.”) (citation omitted);
Jackson v. State, 110 S.W.3d 626, 631
(Tex. App.—Houston [14th Dist.] 2003, pet. ref’d) (“[A] criminal conviction,
which requires proof beyond a reasonable doubt, may rest on hearsay despite the
lack of the complainant’s testimony or even the complainant’s recantation.”).
Under such circumstances, it is the role of the fact-finder, who weighs the
evidence and evaluates credibility, to determine whether to believe the
original statement or the recantation, and “[a] fact finder is fully entitled
to disbelieve a witness’s recantation.” Saldaña,
287 S.W.3d at 60; see also Maldonado v.
State, 887 S.W.2d 508, 509 (Tex. App.—San Antonio 1994, no pet.) (“Just
because the complaining witness recants incriminating testimony does not mean the
evidence is insufficient.”). 

          Here, Rodriguez’s testimony regarding
her own observations and the outcry statement, as well as A.L.’s testimony, recited
the elements required to prove indecency with a child by contact. Rodriguez
testified that when A.L. was six, she told Rodriguez appellant had touched her
“pee-pee.” On the night she entered appellant’s bedroom, Rodriguez saw
appellant jump from A.L.’s side of the bed. She noticed that A.L.’s pajama
bottoms were lowered nearly to her vagina. During trial, A.L. identified her
“pee-pee” as the area from which she “goes potty.” This evidence is sufficient
to indicate that appellant touched A.L.’s genitals. See Villalon v. State, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (observing
that children are not expected to “testify with the same clarity and ability as
is expected of mature and capable adults”);
Bargas, 252 S.W.3d at 887-88. 

The recantation does not render the evidence supporting
appellant’s conviction insufficient. Although
she initially testified that appellant had not touched her genitals, A.L.
explained that her testimony would have been different if appellant had not
been present in the courtroom. Dr. Thompson confirmed that feelings of anxiety
or discomfort may cause a child to recant an earlier allegation of abuse. In
convicting appellant, the trial court made a credibility determination to
believe A.L.’s initial outcry instead of her recantation during trial. We afford
almost complete deference to this determination. See Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).

          Finally,
with respect to the requisite intent—i.e., intent to arouse or gratify
appellant’s sexual desire—the evidence is also sufficient. A person acts with
intent when it is his conscious desire or objective to engage in the conduct or
cause the result. Tex. Penal Code Ann. § 6.03(a) (West
2003). The specific intent to arouse or gratify his sexual desire can be
inferred from appellant’s conduct, his remarks, and all surrounding
circumstances. McKenzie v. State, 617
S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981) (holding that testimony of
appellant’s conduct was sufficient to permit deduction of intent); see also Rivera-Reyes v. State, 252
S.W.3d 781, 785 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that
circumstantial evidence may be used to prove essential element of indecency
with a child); Navarro v. State, 241
S.W.3d 77, 79 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d). An oral
expression of intent is not required. Id.
According to appellant, the requisite intent cannot be inferred given A.L.’s testimony
that appellant touched her “pee-pee” in order to dry her after she wet herself.
But there was evidence that the manner in which appellant touched A.L. made her
uncomfortable. She told Rodriguez that she would resist appellant by crossing
her legs or turning her back to him. Sometimes that resistance was successful;
other times it was not. Both Rodriguez and A.L. testified that, when Rodriguez
entered the bedroom, appellant moved away from A.L. in a startled manner. A.L.
explained that he raised his hands like a robber who had been caught by the
police. And, according to Rodriguez, appellant fled the room. From this
evidence, the trial court could deduct that appellant acted with the intent to
arouse and gratify his own sexual desire. Perales
v. State, 226 S.W.3d 531, 535 (Tex. App.—Houston [1st Dist.] 2006, pet.
ref’d); see also Lee, 176 S.W.3d at
462 (“Evidence of flight . . . is admissible as a circumstance from which an
inference of guilt may be drawn.”).      We
therefore hold that, viewing all the evidence in a light most favorable to the
verdict, the trial court could reasonably find beyond a reasonable doubt each
element of the offense of indecency with a child. 

We overrule
appellant’s sole issue.

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. §
21.11(a)(1) (West 2011).





[2]
          Appellant argues this appellate standard is not appropriate in child
abuse cases involving an outcry to an untrained professional and a subsequent
recantation; he insists that, “[i]nstead of viewing the evidence in the light
most favorable to the verdict, the Court should look at the evidence in a more
neutral way” and “give greater weight to the denial of the offense by the
complainant than the outcry to an untrained questioner.” This
Court has already determined that we are bound by the single standard of review
announced by the Court of Criminal Appeals in Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010). See
Kiffe v. State, No. 01-10-00746-CR, 2011 WL 4925986, at *5 (Tex.
App.—Houston [1st Dist.] Oct. 13, 2011, no pet.) (“Although an intermediate appellate court’s
decision ‘shall be conclusive on all questions of fact brought before them on
appeal or error,’ the Texas Court of Criminal Appeals has the authority to
determine questions of law, including the standard of review that an
intermediate appellate court must use in conducting factual review.”). We therefore decline to adopt a
new standard for our review of the sufficiency of the evidence in this case.