THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN VISARITIES, Appellant.

First Department, June 3, 1927.

Crimes — carrying " bludgeon " in violation of Penal Law, § 1897 — iron bar, twenty inches long and three-eighths to one-half inch in diameter, found in possession of defendant was not " bludgeon "— defendant, who was on strike and had iron bar partly concealed in his coat when arrested, might possibly be convicted of possessing dangerous weapon with intent to use.

An iron bar about twenty inches long and three-eighths to one-half inch in diameter, found in the possession of the defendant, is not a " bludgeon " within the meaning of section 1897 of the Penal Law, which makes the possession of a bludgeon an offense, regardless of the intent. Therefore, the conviction of the defendant, under an indictment charging him with the possession of a " bludgeon," must be reversed and the information dismissed.

A " bludgeon " is generally defined as a short stick with one end loaded or thicker and heavier than the other.

It is possible that the defendant might have been convicted on a proper information of possession of a dangerous weapon with intent to use, in view of the fact that he was at the time on strike and had the bar partly concealed under his coat when arrested. These facts might be regarded as some evidence of intent, but this question is not passed upon by the Appellate Division.

MERRELL, J., dissents.

APPEAL by the defendant, John Visarities, from a judgment of the Court of Special Sessions of the city of New York, rendered on the 24th day of September, 1926, convicting him of the crime of unlawfully carrying and possessing a weapon of the kind commonly known as a bludgeon, in violation of section 1897 of the Penal Law (as amd. by Laws of 1921, chap. 297).

*George Z. Medalie* of counsel [*Jacob J. Rosenblum* with him on the brief], for the appellant.

*Archibald Firestone, Deputy Assistant District Attorney,* of counsel [*Joab H. Banton, District Attorney*], for the respondent.

O'MALLEY, J. The instrument found in the possession of the defendant was an iron bar about twenty inches long and three-eighths to a half inch in diameter. The question presented is

42

whether the defendant was possessed of an "instrument and weapon of the kind commonly known as a bludgeon." The information so charged. Attempt to use was not alleged, nor was the defendant charged with possession of a dangerous weapon with intent to use. The statute follows:

" § 1897. Carrying and use of dangerous weapons.

" 1. A person who attempts to use against another, or who carries, or possesses any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sand club, sandbag, metal knuckles, bludgeon, or who, with intent to use the same unlawfully against another, carries or possesses a dagger, dirk, dangerous knife, razor, stiletto, or any other dangerous or deadly instrument, or weapon, is guilty of a misdemeanor, and if he has been previously convicted of any crime he is guilty of a felony."

It is to be observed that this statute specifies three distinct offenses, (1) an attempt to use certain specified instruments or weapons; (2) carrying or possessing any of such instruments or weapons; and (3) carrying or possessing with the intent to use the same unlawfully against another, other specified instruments, or " any other dangerous or deadly instrument, or weapon."

Proof of intent to use is not an ingredient of the crime charged against the defendant herein. Mere possession of the prohibited instrument, known and voluntary, constitutes the offense. (*People* v. *Persce*, 204 N. Y. 397.) The reason for this is based upon the dangerous character of the weapons and instruments, the mere possession of which is made unlawful. As was well said in the case cited (pp. 402, 403): " The evidence and the well-understood character of slungshots, billies, sandbags and brass knuckles make it evident that the Legislature were entirely justified in regarding them as dangerous and foul weapons seldom used for justifiable purposes but ordinarily the effective and illegitimate implements of thugs and brutes in carrying out their unlawful purposes. For instance a standard dictionary defines a slungshot as ' a metal ball of small size with a string attached used by ruffians for striking.' Influenced as we may assume the Legislature was by some such view as this it is obvious that one of the proper and efficient methods by which to prevent the commission of crime to be apprehended through the instrumentality of these weapons was to make their possession of itself criminal without delaying until opportunity had bred and perhaps permitted the accomplishment of some particular evil design."

To base a conviction on mere possession it must clearly appear that the thing possessed answers the description of one of the prohibited instruments or weapons. We are of opinion that the

iron bar found in the defendant's possession was not a bludgeon within the meaning of section 1897. The word " bludgeon " seems to have a commonly accepted meaning. Webster's New International Dictionary defines it as " a short stick, with one end loaded, or thick and heavier than the other, used as an offensive weapon;" the Century Dictionary, as " a heavy stick, particularly one with one end loaded or thicker and heavier than the other, used as an offensive weapon;" the New English Dictionary, as " a short stout stick or club, with one end loaded or thicker and heavier than the other, used as a weapon; " and Words & Phrases, as " a short stick with one end loaded, used as a weapon;" and the New Standard Dictionary, as " a short club, commonly loaded at one end, or bigger at one end than the other; used as a weapon."

These numerous definitions have also received legal recognition. (*People* v. *McPherson*, 220 N. Y. 123; 8 C. J. 1130; *State* v. *Lett*, 63 W. Va. 665; *Reg.* v. *Sutton*, 13 Cox C. C. 648.)

We are referred by the district attorney to the case of *People* v. *Kennedy* (164 N. Y. 449) where a lead pipe some seventeen inches in length was referred to as a bludgeon. However, it is to be observed in that case that an iron rod had been inserted in the pipe and it was wound at one end with tape. Obviously there is a clear distinction between such an instrument which bore evidence of special preparation for use and the iron bar found upon this defendant.

As mere possession constitutes the offense, it would follow, if the People's contention is sound, that one in. possession of a piece of crowbar, heavy wrench, hammer, or other similar piece of iron or heavy material capable of use as a weapon, could be convicted of a violation of that portion of the statute now under consideration. Such a result was never within the contemplation of the Legislature.

It may be that had the information charged the possession of a dangerous weapon with intent to use, the evidence might in the circumstances disclosed show a commission of the offense referred to in the last portion of section 1897. The fact that the defendant was on a strike and had the iron bar partly concealed under his coat when arrested might be regarded as some evidence of his intent to use. However, we are not called upon to pass upon this question, in view of the form of the information.

It follows that the judgment of conviction should be reversed and the information dismissed.

DOWLING, P. J., MARTIN and PROSKAUER, JJ., concur; MERRELL, J., dissents and votes for affirmance.

Judgment reversed and information dismissed. Settle order on notice.