*409 OPINION OF THE COURT
Miriam R. Best, J.
Defendant is charged with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]) and unlawful possession of a knife (Administrative Code of City of NY § 10-133 [b]), for allegedly possessing a gravity knife on October 30, 2006, at approximately 5:22 p.m., at 2839 Bedford Avenue in Kings County. By decision and order rendered August 27, 2007, this court denied defendant’s motion to suppress the gravity knife that Police Officer Louis Olewinski recovered from him, following a suppression hearing. Defendant now moves this court to declare that Penal Law § 265.01 (1) is unconstitutional as applied to his conduct. For the reasons that follow, the motion is denied.
The Parties’ Contentions
Defendant argues that Penal Law § 265.01 (1) is unconstitutionally vague and overbroad as applied to him because the statute omits a mens rea requirement, is so broad that it irrationally bans ordinary household objects, and is so vague that it allows discriminatory police enforcement. According to defendant, the statute is constitutionally defective because he could be convicted of violating it even though he did not know that the knife in his possession was a gravity knife.
The People respond that the state legislature enacted Penal Law § 265.01 (1) to prohibit possession of specifically identified per se weapons, which have no legitimate purpose and are only utilized as weapons. The People argue that the statute clearly defines the mechanism which distinguishes a gravity knife from other types of knives, whose possession is not unlawful unless the possessor intends to use one unlawfully against another, and therefore it is neither unconstitutionally vague nor over-broad.
Analysis
In seeking to have the court declare that Penal Law § 265.01 (1) is unconstitutionally vague as applied to him, defendant has a heavy burden. An enactment of the legislature carries a strong presumption of constitutionality. (People v Stuart, 100 NY2d 412, 422 [2003]; People v Scalza, 76 NY2d 604, 607 [1990]; People v Bright, 71 NY2d 376, 382 [1988]; People v Scott, 26 NY2d 286, 291 [1970].) “[S]imply labeling a challenge ‘as applied to’ does not in any way alter the presumption of constitutionality.” *410 (People v Cintron, 13 Misc 3d 833, 845 [Sup Ct, Bronx County 2006].) One who seeks to invalidate a statute must demonstrate that it is unconstitutional beyond a reasonable doubt. (Scalza, 76 NY2d at 607; Scott, 26 NY2d at 291.) In determining whether a statute is unconstitutional as applied, the court must consider only whether the statute can be constitutionally applied to the defendant under the particular facts of the case. (Stuart, 100 NY2d at 421; People v Garcia, 3 Misc 3d 699, 701 [Sup Ct, NY County 2004], mod 29 AD3d 255 [1st Dept 2006].) If the statute is not impermissibly vague as applied to the defendant, and provides the defendant with adequate notice and the police with clear criteria, the court’s inquiry is at an end. (Stuart, 100 NY2d at 422.) Indeed, one appellate court has recently rejected an as-applied constitutional challenge to Penal Law § 265.01 (1) by a defendant convicted of mere possession of a gravity knife. (People v Wang, 17 Misc 3d 133[A], 2007 NY Slip Op 5211200 [App Term, 1st Dept 2007].)
Defendant argues that Penal Law § 265.01 (1) is unconstitutionally vague as applied to him, because he used the knife which Officer Olewinski recovered for legitimate purposes, did not have actual knowledge that the knife fit the definition of a gravity knife, and was not able to operate it as such. The record contains no such facts, however. Defendant chose not to testify at the suppression hearing, and has not provided an affidavit based on personal knowledge with his motion papers. Defendant also argues that the statute is so vague that citizens must guess which knives are prohibited, and that it permits law enforcement officials to apply and enforce the statute arbitrarily. For the reasons that follow, defendant cannot sustain his heavy burden of demonstrating unconstitutionality.
The legislature has the “undoubted power” to declare possession of “dangerous and foul weapons seldom used for justifiable purposes” unlawful without proof of other criminal intent. (People v Persce, 204 NY 397, 401-402 [1912].) However, “there must be some reasonable relationship between the public safety, health, morals or welfare and the act prohibited” in order for a so-called strict liability crime to withstand constitutional scrutiny. (People v Munoz, 9 NY2d 51, 58 [1961] [statute prohibiting possession of any knife or sharp pointed instrument by person under age 21 unconstitutionally vague and over-broad]; Staples v United States, 511 US 600, 607 n 3 [1994] [“use of the term ‘strict liability’ is really a misnomer”].) “The history of the gravity knife provision as well as the legislative *411 scheme distinguishing ‘dangerous instruments’ from ‘per se’ weapons [in Penal Law § 265.01 (1)] demonstrates a plan only to ban those items designed to be used as weapons.” (United States v Irizarry, 509 F Supp 2d 198, 210 [US Dist Ct, ED NY 2007, Weinstein, J.] [suppression granted where item clipped to defendant’s pants was not a gravity knife but a common utility knife used in defendant’s work].)
Penal Law § 265.01 (1) provides that:
“A person is guilty of criminal possession of a weapon in the fourth degree when:
“(1) He possesses any firearm, electronic dart gun, electronic stun gun, gravity knife, switchblade knife, pilum ballistic knife, metal knuckle knife, cane sword, billy, blackjack, bludgeon, metal knuckles, chuka stick, sand bag, sandclub, wrist-brace type slingshot or slugshot, shirken or ‘Kung Fu’ star.”
A gravity knife is defined as “any knife which has a blade which is released from the handle or sheath thereof by the force of gravity or the application of centrifugal force which, when released, is locked in place by means of a button, spring, lever or other device.” (Penal Law § 265.00 [5].) A gravity knife must have a blade which locks in place automatically upon release without any effort by the user, and cannot require a manual locking mechanism. (People v Zuniga, 303 AD2d 773, 774 [2d Dept 2003], appeal withdrawn 100 NY2d 567 [2003].) A gravity knife, like the other devices in the list, is per se unlawful to possess because it can seldom be used for any legitimate purpose and is clearly used unlawfully as a weapon. (People v Talbert, 107 AD2d 842, 843 [3d Dept 1985]; see also United States v Irizarry, 509 F Supp 2d at 209 [“The legislature’s plan in making items such as gravity knives ‘per se’ weapons under New York law was to ban only those items that are manufactured as weapons”].)
The mens rea element of knowing possession is implied in Penal Law § 265.01 (1). The People must prove that a defendant charged with possession of a gravity knife knew that he had a knife, although they need not prove that the defendant knew that the knife complied with the statutory definition of a gravity knife. (People v Berrier, 223 AD2d 456, 457 [1st Dept 1996], lv denied 88 NY2d 876 [1996].) Moreover, under Penal Law § 265.15 (4), proof of defendant’s possession of a gravity knife creates a presumption that he or she had the intent to use it unlawfully against another. (See People v Smith, 4 Misc 3d 141 [A], 2004 NY Slip Op 51029DJ], *2 [App Term, 1st Dept *412 2004], lv denied 3 NY3d 761 [2004], citing People v Reisman, 29 NY2d 278 [1971] [court recognized that possession of dangerous drugs created inference knowledgeable possession]; People v Laramore, 1 Misc 3d 5, 7 [App Term, 2d Dept 2003], lv denied 100 NY2d 621 [2003] [presumption of unlawful intent based upon mere possession under Penal Law § 265.15 (4) did not apply to knife which was not a per se weapon]; People v Visarities, 220 App Div 657, 658 [1st Dept 1927] [mere possession of per se weapon, if knowing and voluntary, constitutes the offense, based upon dangerous character of the weapon].)
Staples v United States (511 US 600 [1994]), on which defendant relies, is distinguishable. In Staples, whose holding the Court emphasized was “a narrow one” (511 US at 619), the Court reversed a conviction under the National Firearms Act (26 USC §§ 5801-5872), which criminalizes possession of unregistered firearms, because the government had not been required to prove that Staples knew his weapon was a “machine gun” as defined in the statute. In reaching its conclusion, the Court noted the “long tradition of widespread lawful gun ownership by private individuals in this country” (511 US at 610), and also that “[g]uns in general are not ‘deleterious devices or products or obnoxious waste materials’ . . . that put their owners on notice that they stand ‘in responsible relation to a public danger.’ ” (511 US at 610-611.) Simply put, the Supreme Court majority agreed with the Fifth Circuit’s conclusion that Congress could not have meant to subject “law-abiding, well-intentioned citizens” to a possible 10-year prison term “if . . . what they genuinely and reasonably believed was a conventional semi-automatic [weapon] turns out to have worn down into or been secretly modified to be a fully automatic weapon.” (511 US at 615.) In contrast to guns, gravity knives have long been illegal to possess. (See United States v Irizarry, 509 F Supp 2d at 206-208 [surveying history of Penal Law § 265.01 (1) and federal Switchblade Knife Act (15 USC §§ 1241-1244), passed in 1958].) Moreover, even the Staples court noted that with respect to public welfare offenses, like Penal Law § 265.01 (1), “we have not required that the defendant know the facts that make his conduct fit the definition of the offense.” (511 US at 607-608 n 3.)*
To convict defendant under the statute, the People must also prove at trial that the knife was in fact a gravity knife. If the *413 People fail to do so, defendant must be acquitted regardless of his knowledge of how the knife operated. A defendant also cannot be convicted of Penal Law § 265.01 (1) if the gravity knife is inoperable. (People v Smith, 309 AD2d 608, 609 [1st Dept 2003], lv denied 1 NY3d 580 [2003] [People proved operability of gravity knife where detective twice operated the knife, although knife malfunctioned on some attempts]; People v Zuniga, 303 AD2d at 774 [conviction for possession of gravity knife reversed, where it was undisputed that defendant possessed “butterfly knife” that required manual locking]; People v Perez, 123 AD2d 721 [2d Dept 1986], lv denied 70 NY2d 653 [1987] [count of criminal possession of a weapon in the fourth degree dismissed, where People failed to establish operability of knife as a gravity knife]; People v Wang, 17 Misc 3d 133[A], 2007 NY Slip Op 52112[U], *1 [2007]; see also United States v Irizarry, 509 F Supp 2d at 210 [suppression granted because knife was common utility knife, not gravity knife].) Therefore, the statute provides clear notice as to the specific characteristics which define an illegal gravity knife. Furthermore, there is a rational connection between the regulation of dangerous knives and public safety. (People v Ortiz, 125 Misc 2d 318, 327 [Crim Ct, Bronx County 1984].)
Finally, the statute does not permit arbitrary police conduct, and Officer Olewinski’s action was not arbitrary. The credible testimony at the suppression hearing established that Officer Olewinski immediately recognized the unique handle of a gravity knife jutting out of defendant’s pocket while defendant was standing near the entrance of a public school while students were leaving the school grounds. There is simply no evidence in the record to support defendant’s present claim that he did not know his knife was a gravity knife, and this court will not declare a statute unconstitutional based on unsworn allegations regarding defendant’s knowledge or ability to operate the gravity knife. (Cf. United States v Irizarry, 509 F Supp 2d at 201-205 [reviewing extensive testimony at suppression hearing regarding operation of gravity knives and folding lock-back utility knives].)
Conclusion
For these reasons, defendant’s motion to declare Penal Law § 265.01 (1) unconstitutional as applied to him is denied.

 This court declines to follow People v Small (157 Mise 2d 673 [Sup Ct, NY County 1993]), which is not binding on this court and which appears to have no subsequent history.