People v Hernandez (2020 NY Slip Op 01404)





People v Hernandez


2020 NY Slip Op 01404


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

109348

[*1]The People of the State of New York, Respondent,
v
Joseph A. Hernandez, Appellant.

Calendar Date: January 13, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ.


George P. Ferro, Albany, for appellant, and appellant pro se.
Michael A. Korchak, District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered April 5, 2017, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree.
Defendant was charged by indictment with criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree. The charges arose after police officers stopped defendant's vehicle for a traffic stop and the search of the vehicle revealed, among other things, a quantity of heroin and a blackjack. Following a jury trial, defendant was convicted as charged and was sentenced to a prison term of 2½ to 5 years for the criminal possession of a weapon conviction and six months in jail for the criminal possession of a controlled substance conviction. Defendant appeals.
Defendant asserts that, as to his criminal possession of a weapon conviction, the verdict was not supported by legally sufficient evidence and was against the weight of the evidence because the People failed to prove that he knowingly possessed the blackjack. "When considering a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the People and evaluate whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (People v Sostre, 172 AD3d 1623, 1625 [2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 938 [2019]; see People v Small, 174 AD3d 1130, 1131 [2019], lv denied 34 NY3d 954 [2019]). In contrast, "[w]hen undertaking a weight of the evidence review, we must first determine whether, based on all the credible evidence, a different finding would not have been unreasonable and[, if not,] then weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence" (People v Creech, 165 AD3d 1491, 1492 [2018] [internal quotation marks and citations omitted]; see People v Gill, 168 AD3d 1140, 1140 [2019]).
To convict defendant of criminal possession of a weapon in the third degree, the People had to show that defendant possessed a blackjack and has been previously convicted of any crime (see Penal Law § 265.02 [1]; see also Penal Law § 265.01 [1]). Although several of the per se weapons listed in Penal Law § 265.01 are defined in Penal Law § 265.00, no statutory definition is provided for a blackjack. In this circumstance, courts are instructed to "give the term its usual and commonly understood meaning" (People v Aragon, 28 NY3d 125, 128 [2016] [internal quotation marks and citation omitted]), and dictionary definitions may serve as useful guideposts (see People v Ocasio, 28 NY3d 178, 181 [2016]). To that end, a blackjack has been defined as "[a] short bludgeon consisting of a heavy head, as of metal, on an elastic shaft or with a flexible handle; a bludgeon-like weapon consisting of a lead slug attached to a leather thong; a small leather-covered club or billy weighted at the head and having an elastic shaft" (Black's Law Dictionary 154 [5th ed 1979]). Similarly, a blackjack has been defined as "a hand weapon typically consisting of a piece of leather-enclosed metal with a strap or springy shaft for a handle" (Merriam-Webster Online Dictionary, blackjack [https://www.
merriam-webster.com/dictionary/blackjack]) or "a short, thick metal stick covered in rubber or leather, used to hit people" (Cambridge Online Dictionary, blackjack [https://www.dictionary.
cambridge.org/dictionary/english/blackjack]).
The evidence at trial revealed that police officers stopped defendant's vehicle for driving through a red light. Upon approaching the vehicle, police officers detected the smell of marihuana emanating from the vehicle and observed a marihuana cigarette in the vehicle. The police officers also observed that defendant had a large knife on him; defendant explained that he was bringing the knife with him to his ex-fiancÉe's house because she and her new boyfriend were having problems and his son was there. Defendant was then told to exit the vehicle, was searched and subsequently admitted to possessing marihuana, a bag of heroin and hypodermic needles in the vehicle. One of the police officers testified that, during the search of the vehicle, he discovered a suspicious object in defendant's backpack. Another police officer immediately identified the discovered object as a blackjack and described the item as having "a lead core, surrounded by leather, which is flexible and used as a weapon, a blunt object." The object was received into evidence. Defendant testified that he was aware that the blackjack was in the vehicle, but did not know that it was illegal or a weapon. He stated that he worked in the meat industry, had a freezer in his vehicle and used the blackjack to occasionally break the ice that accumulated in that freezer.
Viewed in a light most favorable to the People, we find that the evidence was legally sufficient to support the conviction of criminal possession of a weapon in the third degree. Defendant admitted that he knowingly possessed the blackjack, and the record shows that he was also aware of its bludgeoning nature as he stated that he used it to break other objects (see Penal Law §§ 265.01 [1]; 265.02 [1]; People v Parrilla, 27 NY3d 400, 405 [2016]). Although a different verdict would not have been unreasonable, the verdict is in accord with the weight of the evidence (see People v Andrade, 172 AD3d 1547, 1551 [2019], lvs denied 34 NY3d 928, 937 [2019]; People v McCoy, 169 AD3d 1260, 1264 [2019], lv denied 33 NY3d 1033 [2019]).
Next, defendant contends that County Court gave improper jury instructions regarding the criminal possession of a weapon charge. As to the knowledge element of the crime, the court stated that this "element relates to . . . defendant's knowledge of what he was possessing, that is, the nature of the object. There is no legal requirement that the People must prove beyond a reasonable doubt that . . . defendant knew that the item was termed a blackjack or that it was against the law to possess it." Upon the jury's request during deliberations, the court clarified that defendant's conduct satisfies the knowledge element of the crime "[a]s long as [the jury] [is] satisfied by proof beyond a reasonable doubt that . . . defendant was in possession of that item[,] that he was . . . aware that he was in possession of that item and . . . what the nature of that object was, and . . . that that object meets the legal definition of what a blackjack is." Contrary to defendant's contention, the court was not required to instruct the jury that the People were required to show that defendant was aware of the legal definition of a blackjack. The characteristics of the blackjack at issue — a lead core, surrounded by leather, which is flexible and used as a weapon — make "the inherently dangerous nature of the prohibited object be readily apparent, so as to put [defendant] on clear notice that the object is potentially subject to government regulation or prohibition" (People v Wood, 58 AD3d 242, 251 [2008], lv denied 12 NY3d 823 [2009]; see People v Persce, 204 NY 397, 402 [1912]). Accordingly, the People did not have to prove that defendant was aware of the statutory definition of a blackjack to satisfy the knowledge element of criminal possession of a weapon in the third degree (see People v Parrilla, 27 NY3d at 404; compare People v Wood, 58 AD3d at 252-253). We similarly reject defendant's contention that the court's instruction regarding the level of knowledge required for the commission of this crime was confusing to the jury. The charge as a whole, as well as the answer to the jury's question, adequately conveyed to the jury the required standard regarding the knowledge element of the crime (see generally People v Samuels, 99 NY2d 20, 25 [2002]; People v Feerick, 93 NY2d 433, 450 [1999]).
Defendant's next contention, that County Court failed to instruct the jury that the object at issue met the legal definition of a blackjack, is belied by the record. The court provided the jury with a definition of a blackjack as "a hand weapon[,] which is typically a leather-covered club with a springy or flexible handle," and informed the jury that, in order to find defendant guilty of criminal possession of a weapon in the third degree, it had to find that the People proved beyond a reasonable doubt that defendant "possessed a blackjack." Although the court did not specify that the jury had to find that the object at issue met the definition of a blackjack, such instruction is implicit, and the jury could have reasonably inferred that, in order to find defendant guilty of possessing the blackjack, it had to find that the object possessed by defendant met the legal definition of a blackjack (see People v Samuels, 99 NY2d at 25; People v Feerick, 93 NY2d at 450). Moreover, the court gave an answer to the jury's question that expressly informed the jury that it had to find that "that object meets the legal definition of what a blackjack is." In light of the foregoing, we find that the challenged jury instruction was proper.
Finally, defendant contends that the admission of the contents found in his possession at the time of his arrest — namely, the hypodermic needles and marihuana for which he was not charged — was prejudicial and served no legitimate purpose. However, as defendant concedes, such claim is unpreserved for our review in light of defendant's failure to object at the pretrial hearing or at trial (see People v Cayea, 163 AD3d 1279, 1280 [2018], lv denied 32 NY3d 1109 [2018]). In any event, were this issue before us, we would perceive no error because the evidence was part of the narrative of the search and further buttressed the police officer's credibility in detecting the odor of marihuana as he approached defendant's vehicle. Defendant's remaining contentions, to the extent that they are not specifically addressed here, have been considered and found to be without merit.
Egan Jr., J.P., Devine, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.