People v Bombard (2020 NY Slip Op 06174)





People v Bombard


2020 NY Slip Op 06174


Decided on October 29, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

109874

[*1]The People of the State of New York, Respondent,
v
Marvin Bombard, Appellant.

Calendar Date: September 15, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Brian M. Quinn, Albany, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Franklin County (Richards, J.), rendered September 22, 2017, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree (two counts).
In July 2017, defendant was charged by indictment with two counts of criminal possession of a controlled substance in the third degree based upon allegations that, in April 2016, he knowingly and unlawfully possessed heroin and cocaine with the intent to sell those narcotics (see Penal Law § 220.16 [1]). The charges stemmed from information provided by a confidential informant (hereinafter the CI) to law enforcement officers that led to the apprehension of defendant and two other individuals, Breonna Gaddy and Terrick Griffin (hereinafter collectively referred to as the codefendants), while the three were inside the CI's apartment and where, during the execution of a search warrant, the police found, among other things, scales, baggies, ties and various packages of heroin and cocaine. Following a jury trial with Griffin, defendant was convicted as charged and thereafter sentenced, as a second felony drug offender previously convicted of a violent felony, to two concurrent prison terms of seven years, to be followed by three years of postrelease supervision. Defendant appeals.
Initially, defendant contends that one of the two counts in the indictment should have been dismissed as multiplicitous. This argument is unpreserved as it was not specifically raised in a pretrial motion to dismiss (see People v Valcarcel, 160 AD3d 1034, 1037 [2018], lvs denied 31 NY3d 1081,1088 [2018]; People v Crippen, 156 AD3d 946, 952 [2017]).
Defendant next contends that his convictions were not supported by legally sufficient evidence and were against the weight of the evidence. Inasmuch as his motion for a trial order of dismissal was not directed at the specific arguments that he raises on appeal, defendant's legal sufficiency claim is unpreserved (see People v Meadows, 183 AD3d 1016, 1016-1017 [2020], lv denied 35 NY3d 1047 [2020]; People v Baber, 182 AD3d 794, 795 [2020], lv denied 35 NY3d 1064 [2020]). Nevertheless, in reviewing defendant's challenge to the weight of the evidence, "we necessarily determine whether all of the elements of the charged crime[s] were proven beyond a reasonable doubt" (People v Rudge, 185 AD3d 1214, 1214 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 1070 [2020]; see People v Brinkley, 174 AD3d 1159, 1160 [2019], lv denied 34 NY3d 979 [2020]). In conducting a weight of the evidence review, "we must view the evidence in a neutral light and determine first whether a different verdict would have been unreasonable and, if not, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence" (People v Kalabakas, 183 AD3d 1133, 1141 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 1067 [2020]; see People v Hernandez, 180 AD3d 1234, 1235 [2020], lv denied 35 NY3d 993 [2020]).
As relevant here, "[a] person is guilty of criminal possession of a controlled substance in the third degree when he [or she] knowingly and unlawfully possesses . . . a narcotic drug with intent to sell it" (Penal Law § 220.16 [1]). Additionally, there is a statutory presumption, known as the drug factory presumption (see People v Kims, 24 NY3d 422, 432 [2014]), that "[t]he presence of a narcotic drug . . . in open view in a room, other than a public place, under circumstances evincing an intent to unlawfully mix, compound, package or otherwise prepare for sale such controlled substance is presumptive evidence of knowing possession thereof by each and every person in close proximity to such controlled substance at the time such controlled substance was found" (Penal Law § 220.25 [2]). The drug factory presumption, "like all statutory presumptions in [this state], is a permissive presumption, meaning that it allows, but does not require, the trier of fact to accept the presumed fact, and does not shift to the defendant the burden of proof" (People v Galindo, 23 NY3d 719, 723 [2014] [internal quotation marks, brackets and citations omitted]).[FN1]
The trial testimony established that, in April 2016, a CI, who was cooperating with the Saranac Lake Police Department, provided information to Leigh Wenske, a police officer, that defendant was planning to use the CI's apartment for the distribution of drugs, as he had previously done. Wenske learned that defendant would facilitate the transportation of the drugs to the CI's apartment. Based upon this information, the police intended to arrest defendant and the codefendants at the CI's apartment. Defendant arrived at the CI's apartment with the codefendants, who were carrying backpacks. Once inside the bedroom, the codefendants removed, among other things, drugs, scales and baggies from the backpacks, placed the drugs on a table and distributed drugs to defendant. As instructed, the CI alerted Wenske of the arrival of defendant and the codefendants, as well as the fact that drug activity was taking place and that defendant was planning to leave after he received his share of the drugs. Shortly after defendant and the codefendants entered the apartment, law enforcement officers arrested defendant and the codefendants and seized the narcotics and the equipment being used to prepare the drugs for distribution. The CI testified that all of the drugs that were present at the time of the arrest were for distribution purposes and not for personal use.
According to the testimony at trial, defendant, the codefendants and the CI were observed sitting on the bed with narcotics in loose packaging on an end table near the bed. The items on the end table were described as drugs of "varying amounts, various packages and various substances," including "individually wrapped bags of a brown powdery substance, one of which . . . field tested positive for heroin," a digital scale and sandwich-sized plastic bags. A police sergeant testified that, from his experience "the scale and packaging items are indicative of the intent to sell" as "the scale is the method used to weigh out the amount [of drugs] that goes into each individual bag prior to the sale" and the box of sandwich bags is "indicative of the intent to sell because of it's [sic] packaging." Although a different verdict would not have been unreasonable, when we view the foregoing evidence in a neutral light and defer to the jury's credibility determinations, we find that the jury's verdict is supported by the weight of the credible evidence (see People v Kalabakas, 183 AD3d at 1142; People v Sloley, 179 AD3d 1308, 1310 [2020], lv denied 35 NY3d 974 [2020]).
Defendant also raises a litany of alleged errors by defense counsel that he contends deprived him of the effective assistance of counsel. "To establish a claim of ineffective assistance of counsel, a defendant is required to demonstrate that he or she was not provided meaningful representation and that there is an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Santana, 179 AD3d 1299, 1302 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 973 [2020]; see People v Kelsey, 174 AD3d 962, 965 [2019], lv denied 34 NY3d 982 [2019]; People v Sostre, 172 AD3d 1623, 1627 [2019], lv denied 34 NY3d 938 [2019]). Defendant argues that counsel did not provide meaningful representation in that he failed, among other things, to preserve defendant's legal sufficiency challenge and to object to the jury charge regarding the drug factory presumption. Defendant, however, has not demonstrated on this record the absence of strategic reasons for defense counsel's conduct (see People v Santana, 179 AD3d at 1302; People v Cowan, 177 AD3d 1173, 1178 [2019], lv denied 34 NY3d 1127 [2020]) or that, had counsel made the motions or taken the actions that defendant now points to, there was any likelihood of success (see People v Caban, 5 NY3d 143, 152 [2005]; People v Kalabakas, 183 AD3d at 1144-1145; People v Watkins, 180 AD3d 1222, 1233-1234 [2020], lvs denied 35 NY3d 1026, 1030 [2020]). Viewing the record as a whole, defense counsel, among other things, engaged in voir dire during jury selection, presented cogent opening and closing arguments, engaged in thorough cross-examination of each witness and argued for a lenient sentence based on drug addiction that defendant claimed began at age nine, thereby providing defendant with meaningful representation (see People v Caban, 5 NY3d at 152; People v Santana, 179 AD3d at 1302; People v McCoy, 169 AD3d 1260, 1265 [2019], lv denied 33 NY3d 1033 [2019]).
Finally, we are unpersuaded by defendant's argument that the sentence imposed was harsh and excessive because his alleged involvement in the drug transaction was minimal and a direct result of his drug addiction. "Sentencing generally rests within the discretion of the trial court, and a legally permissible sentence will not be disturbed absent an abuse of the sentencing court's discretion or extraordinary circumstances" (People v Turner, 172 AD3d 1768, 1773 [2019] [internal quotation marks and citations omitted], lvs denied 34 NY3d 930, 939 [2019]; see People v Santana, 179 AD3d at 1303). Defendant is a second felony drug offender with a prior violent felony conviction and a lengthy criminal history. Accordingly, we find no abuse of discretion or extraordinary circumstances to warrant the reduction of the sentence, which was well within the statutory guidelines, in the interest of justice (see People v Valentin, 173 AD3d 1436, 1441 [2019], lvs denied 34 NY3d 953, 954 [2019]; People v Miller, 160 AD3d 1040, 1044 [2018], lv denied 32 NY3d 939 [2018]). To the extent not specifically addressed, defendant's remaining claims have been reviewed and found to be without merit.
Egan Jr., J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED the judgment is affirmed.



Footnotes

Footnote 1: To the extent that defendant contends that County Court erred in charging the jury with respect to the drug factory presumption pursuant to Penal Law § 220.25 (2), he failed to preserve this issue for our review, and we decline defendant's request to exercise our interest of justice jurisdiction to take corrective action (see CPL 470.15 [6] [a]; People v Alverson, 79 AD3d 1787, 1787-1788 [2010]).